```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

------------------------------X
                              :
JASON A. ROMAN                :    Civil No. 3:22CV00911(SALM)
                              :
v.                            :
                              :
ANGEL QUIROS, et al.          :    August 31, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Jason A. Roman ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently housed at the Osborn Correctional Institution ("Osborn").[1] Plaintiff brings this action pursuant to 42 U.S.C. §1983 against fifteen defendants: Akina Richards, APRN; Dr. Lu Jun; Dr. Campbell Stewart; Dr. Marti Rothe; Kristen Barone, Warden of MacDougall-Walker Correctional Institution; Jesus Guadarrama, Warden of Osborn;

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reports that plaintiff is a sentenced inmate. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=304794 (last visited August 29, 2022).

Dr. Cari Freston; Deputy Warden Moore of Osborn; Captain Valentin; Captain Colon; Tiffany Dyke, Nurse Supervisor at Osborn; Viktorya Stork, APRN; Collen Gallagher; DOC Commissioner Angel Quiros; and Counselor Supervisor Otero. See Doc. #1 at 1, 3-4. All defendants are sued in their official and individual capacities. See id. at 6.

I.   **LEGAL STANDARD**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II. ALLEGATIONS OF THE COMPLAINT

The Court accepts the well-pleaded allegations of the Complaint as true for purposes of this initial review.

### A. MacDougall-Walker Correctional Institution

In May 2020, while housed at the MacDougall-Walker Correctional Institution ("MacDougall") plaintiff "contracted a skin disease" that eventually progressed to covering "80% - 85%" of plaintiff's body. Doc. #1 at 7. After plaintiff had received

several medications that did not help his condition, in August 2020, APRN Akina Richards, in consultation with Dr. Lu Hun and Dr. Marti Rothe, ordered images to be taken and sent to the dermatology department at UConn. See id. A few weeks later, and at the direction of UConn Dermatology, APRN Richards prescribed Diflucan and Notrazol to plaintiff. See id. After taking those medications, plaintiff's condition became worse and he was rushed to the emergency room. See id. Plaintiff has "develop[ed] lumps on [his] left check, on the side of [his] neck (lymph nodes) and on [his] collar bone[,]" that "are now after 2 years getting larger[.]" Id. (sic). Plaintiff's requests for a second opinion have been denied. See id.

Plaintiff asks the Court to "please refer to Exhibit A[,]" id., an "Amended Petition[] for Writ of Habeas Corpos[,]" that is dated February 16, 2021, and appears to have been filed in Connecticut Superior Court. Doc. #1-1 at 3 (sic). Exhibit A also contains medical records and administrative remedy related forms. See generally Doc. #1-1.

    B.    Cheshire Correctional Institution

On February 16, 2021, plaintiff was transferred to Cheshire Correctional Institution ("Cheshire"). See Doc. #1 at 7. While housed there, plaintiff "filed a medical habeas." Id.; see also Doc. #1-1 at 3-14 ("Amended Petition" detailing his medical

treatment while at MacDougall). Plaintiff did not see a dermatologist until "sometime in April 2021." Doc. #1 at 8. While at Cheshire, plaintiff "was placed in a single cell status ... ordered a shower pass, and [his] laundry was ordered to be wash separately." Id. (sic).

Plaintiff refers the Court to "Exhibit B" to "see that" while plaintiff was at Cheshire, he "was under conditions of confinement that were cruel and intentional by officers and there commanding officers." Id. (sic); see also Doc. #1-2 ("Exhibit B"). Exhibit B consists of a fourteen page "Timeline of Facts" and eleven pages of Inmate Request Forms and Administrative Inmate Remedy Forms. See generally Doc. #1-2.

C.   Osborn

Plaintiff was transferred to Osborn on July 16, 2021, where he currently remains housed. See Doc. #1 at 8. Plaintiff informed "Nurse Jackie" that he "was given a single cell pass, ... a shower pass, and then placed in cell 9 of Unit C." Id.

On July 19, 2021, plaintiff "was called down to see Unit Manager Otero[,]" who explained that "all single cells are only approved by Warden Jesus Guarddarama." Id. (sic). Plaintiff then went to medical and met with "Head nurse Tiffany Dyke" who spoke openly about plaintiff's condition in front of Otero and others, without plaintiff's consent. Id. (sic).

Plaintiff alleges that certain doctors and an attorney have "reach out to Warden Guadrrama about [plaintiff's] conditions being medical and mental trying to get [plaintiff] proper accommodations. Then Warden Guadrrama and his administration Cpt. Colon, Cpt. Valentin, and Deputy Warden Moore ... started to retaliate" against plaintiff by moving different inmates into his cell "every couple of days[.]" Doc. #1 at 9 (sic).

As of July 8, 2022, plaintiff has "yet to receive any of [his] washes, creams and certain medications." Id.

This section of the Complaint refers the Court to "Exhibit C[,]" id. at 8, which contains eleven pages of DOC forms, including: "Requests for Reasonable Accommodations[;]" an Appeal of Administrative Decision; an Inmate Grievance Form – Level 1; and several Inmate Request Forms. See generally Doc. #1-3.

Also attached to the Complaint is "Exhibit D" which contains fifteen pages of "Attorney-Doctor Letters[.]" Doc. #1-4 at 1.

### III. DISCUSSION

Plaintiff's Complaint suffers from several pleading deficiencies. The Court addresses each in turn.

    A.   Official Capacity Claims for Money Damages

Plaintiff asserts claims against defendants in both their individual and official capacities for money damages. See Doc. #1 at 6; see also id. at 12 (requesting "[a] cash settlement for

6

my pain and suffering both mental and physical[]"). Any claims for money damages against the defendants, who are state employees, in their official capacities, are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). "Section 1983 does not abrogate state sovereign immunity. Nor has [plaintiff] alleged any facts suggesting that the state has waived immunity in this case." Kerr v. Cook, No. 3:21CV00093(KAD), 2021 WL 765023, at *5 (D. Conn. Feb. 26, 2021) (citation omitted). Accordingly, all claims for money damages against the defendants in their official capacities are **DISMISSED, with prejudice**.

    B.    Requests for Injunctive Relief

Plaintiff requests the following prospective injunctive relief:

> (1) Order D.O.C. and its medical partners to provide all medical treatment, and equipment for treatment (including Baths, special cleaning of clothing with Hypo-Allegic Detegent and any other treatment deemed by physicians).
>
> (2) Order a second opinion to be perform by Dermatologist not employed by any State Agency for evaluation, diagnosis, and treatment.
>
> (3) Medical care to continue after period of confinement is finish[.]
>
> (4) For D.O.C. to provide adequate care for my mental health[.]
>
> (5) To be placed on permanent single cell status because of my medical and mental Health condition.

7

    (6)   Nutritionist for proper meal regiment to help with my current conditions[.]

Doc. #1 at 11-12 (sic).

    Plaintiff expressly sues defendants "in their individual ... capacity." Id. at 6 (sic). Plaintiff "cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities." Kuck v. Danaher, 822 F. Supp. 2d 109, 143 (D. Conn. 2011); see also Patterson v. Lichtenstein, No. 3:18CV02130(MPS), 2020 WL 837359, at *2 (D. Conn. Feb. 20, 2020) ("Injunctive relief is not available from defendants in their individual capacities[.]"). Accordingly, plaintiff's requests for prospective injunctive relief against defendants in their individual capacities are **DISMISSED, with prejudice.**

    Any claims for injunctive relief asserted against the MacDougall defendants in their official capacities, that is APRN Richards and Warden Barone, are **DISMISSED, as moot,** in light of plaintiff's subsequent transfer to a different correctional facility. See Shepherd v. Goord, 662 F.3d 603, 610 (2d Cir. 2011) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive

relief against officials of that facility." (citation and quotation marks omitted)).[2]

As will be discussed below, the Court finds that the Complaint does not comply with the requirements of Rule 8. Accordingly, plaintiff's requests for injunctive relief against the Osborn defendants in their official capacities are **DISMISSED, without prejudice to re-filing**. The Court cautions, however, that any claims for injunctive relief against defendants in their official capacities must be "narrowly drawn, extend[] no further than necessary to correct the violation of [the] Federal right, and [be] the least intrusive means necessary to correct the violation of the federal right.'" Webb v. Goord, 197 F.R.D. 98, 103 (S.D.N.Y. 2000) (quoting 18 U.S.C. §3626(a)(1)(A)). Additionally, "[a] claim for injunctive relief against a defendant in his or her official capacity may proceed only to the extent that the defendant named has the authority to remedy the alleged ongoing constitutional violation." Germano v. Quiros, No. 3:22CV00600(SALM), 2022 WL 3027864, at *8 (D. Conn. Aug. 1, 2022).

---

[2] Plaintiff does not name any Cheshire employees in the caption or body of the Complaint. Regardless, in light of his transfer to MacDougall, any claims for injunctive relief purportedly asserted against a Cheshire employee would also be moot.

C.  Rule 8

The Complaint is twelve pages long. See Doc. #1. Attached to the Complaint are 101 pages of exhibits, containing, inter alia: a petition for a writ of habeas corpus filed in the Connecticut Superior Court; medical records; various administrative remedy related forms; a handwritten timeline of events that allegedly occurred while plaintiff was confined at Cheshire;[3] and "Attorney-Doctor Letters[.]" Doc. #1-4 at 1; see also Doc. #1-1, Doc. #1-2, Doc. #1-3, #Doc. 1-4.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim[,]" Fed. R. Civ. P 8(a)(2), which is "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal citations and quotation marks omitted). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Atuahene v. City of Hartford, 10 F.

---

[3] Plaintiff has attached a detailed timeline of the events that allegedly occurred while he was housed at Cheshire. However, the Complaint does not name any defendant who allegedly worked at Cheshire.

10

App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

As currently pled, the Complaint does not provide defendants with "fair notice of the claims" or "enable [defendants] to answer the complaint and prepare for trial." Strunk v. U.S. House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003). At the outset of the Complaint, plaintiff states: "Please refer to the Statement of Facts that I prepared to get a complete understanding of what my complaint consist of. The are 4 Exhibits A/B/C/D Attached as well with time line." Doc. #1 at 6 (sic). The "Statement of Facts" contains scant factual allegations and fails to specifically discuss all of the defendants named in the caption of the Complaint. See Doc. #1 at 7-10. Rather than setting forth specific factual allegations in support of his claims, plaintiff has instead chosen to attach over 100 pages of exhibits to which he asks the Court to refer.[4] Neither the Court, nor defendants, can be expected to review those exhibits and glean what claim(s) plaintiff attempts to

---

[4] The majority of the individuals identified in Exhibit B are not named as defendants in the caption of the Complaint. Rule 10 of the Federal Rules of Civil Procedure provides: "The title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008) (quotation marks omitted).

assert against which defendant. "[E]ven a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." Carmel v. CSH & C, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014).

"Complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and, therefore, are subject to dismissal." Evans v. Nassau Cnty., 184 F. Supp. 2d 238, 244 (E.D.N.Y. 2002). Accordingly, the Complaint is **DISMISSED, without prejudice to re-filing**, for failure to comply with the requirements of Rule 8.[5]

Finally, it appears that the Complaint attempts to improperly join a number of defendants and claims. Federal Rule

---

[5] The Court sympathizes with plaintiff's frustration that he has been dealing with an uncomfortable condition for some time now. Nevertheless, the Court reminds plaintiff that "[m]ere disagreement over choice of treatment, or even a claim that negligence or medical malpractice has occurred, does not create a constitutional claim." Stevens v. Goord, 535 F. Supp. 2d 373, 384 (S.D.N.Y. 2008). Indeed, "[t]he Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves. The essential test is one of medical necessity and not one simply of desirability." Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (citations and quotation marks omitted). The Eighth Amendment prohibits deliberate indifference to serious medical needs. It does not make medical malpractice actionable.

of Civil Procedure 20 permits joinder of multiple defendants in one action only if the complaint asserts "any right against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; <u>and</u> ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). "Misjoinder of unrelated claims against multiple defendants is a particular concern in prisoner-initiated cases because of the applicability of the three strikes and filing fee provisions of the Prison Litigation Reform Act." <u>Urbanski v. Dep't of Corr.</u>, No. 3:18CV01323(VLB), 2019 WL 6683047, at *8 (D. Conn. Dec. 5, 2019).

The allegations of the Complaint relate to events at three different correctional facilities and concern what seem to be distinct claims of retaliation, unconstitutional conditions of confinement, and deliberate indifference to plaintiff's mental and physical medical needs. Should plaintiff elect to file an Amended Complaint, any claims against the named defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences[,]" and he must establish that a "question of law or fact common to <u>all</u> defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphases added). The Court notes that the fact that plaintiff is incarcerated and all

of his claims relate to events occurring in DOC custody is not sufficient to make joinder of all such claims proper.

## IV. CONCLUSION AND ORDERS

The Court enters the following orders:

All claims asserted against defendants in their official capacities for damages are **DISMISSED, with prejudice.**

All requests for prospective injunctive relief against defendants in their individual capacities are **DISMISSED, with prejudice.**

All claims for injunctive relief against the MacDougall defendants in their official capacities are **DISMISSED, with prejudice.**

All claims for injunctive relief against the Osborn defendants in their official capacities are **DISMISSED, without prejudice to re-filing.**

The Complaint is otherwise **DISMISSED, without prejudice to re-filing,** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff may file an Amended Complaint, correcting the deficiencies identified in this Order. Plaintiff is advised that any Amended Complaint will completely replace the prior Complaint in the action. No portion of the original Complaint [Doc. #1] will be incorporated into the Amended Complaint by reference, or considered by the Court. The Amended Complaint may

14

not assert any claim that has already been dismissed **with prejudice**.

Plaintiff must identify all defendants against whom he asserts his claims in the **caption** of the Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in his or her official or individual capacity, or both. He must also specifically describe the factual allegations against each defendant in the body of the Amended Complaint. That is, plaintiff must describe, as to each defendant, what legal claim he is bringing against that defendant, and what facts show that defendant violated his rights.

Plaintiff must also describe the personal involvement of each defendant in the alleged constitutional violation. For any person named as a defendant in the Amended Complaint, plaintiff must describe what that defendant personally did that violates plaintiff's constitutional rights.

The Amended Complaint must be a single document. Plaintiff may attach as many handwritten pages to the Amended Complaint form as are necessary to set forth the factual allegations in support of his claims. Plaintiff may also attach exhibits to the Amended Complaint in support of the claims he expressly asserts in the body of the Amended Complaint.

However, plaintiff may **not** attach pleadings from other cases and direct the Court's attention to those documents as the basis for his claims in this case. Plaintiff also may **not** attach documents and refer the Court's attention to those documents as the basis for his claims in this case, in place of actually making factual allegations.

Any such Amended Complaint must be filed by **September 30, 2022**. Plaintiff is cautioned that any Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The original Complaint will not be served on any defendant and will have no effect if an Amended Complaint is filed.**

If an Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. If the Amended Complaint asserts claims that the Court has already explained are not cognizable, such claims will be summarily dismissed. The Court may not grant further leave to amend if the Amended Complaint fails to state a cognizable claim.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.**

Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so Ordered at Bridgeport, Connecticut, this 31st day of August 2022.

\_\_\_\_/s/_____
Hon. Sarah A. L. Merriam
United States District Judge