UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON A. ROMAN,<br>*Plaintiff*, | : : : | |
| v. | : : | Civil No. 3:22-cv-911 (SVN) |
| ANGEL QUIROS, et al.,<br>*Defendants.* | : : : | February 5, 2025 |

### RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Jason A. Roman, proceeding *pro se*, filed this action under 42 U.S.C. § 1983, asserting claims relating to his medical treatment and the conditions of his confinement at three correctional facilities. Following initial review of the amended complaint, the remaining claims are a Fourteenth Amendment substantive due process claim relating to an alleged invasion of medical privacy by Defendant Akina Richard and a Fourth Amendment claim based on an alleged violation of bodily privacy against Defendant Hollie.[1] *See* Initial Review Order, ECF No. 29 at 2.

Richard and Hollie ("Defendants") have filed a motion for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies before filing suit; Plaintiff fails to assert cognizable claims; and Defendants are protected by qualified immunity. Although Plaintiff was granted extensions of time of more than four months to respond to Defendants' motion, he has not done so. The Court finds that Plaintiff has not exhausted available administrative remedies, and thus Defendants' motion is GRANTED.

---

[1] Defendants refer to this Defendant by her full name, Defendant Hollie Good. *See* Defs.' L.R. 56(a)2 St., ECF No. 70-2, ¶ 24; Defs.' Br., ECF No. 70-1 at 1 n.1. To be consistent with its prior orders in this case, the Court refers to her as Defendant Hollie.

I.  **BACKGROUND**

The following facts are taken from Defendants' Local Rule 56(a) Statement and supporting exhibits. As Plaintiff has not opposed Defendant's summary judgment motion and has not submitted a statement pursuant to Local Rule 56(a)2, the Court will deem the facts set forth in Defendants' Local Rule 56(a)1 Statement admitted where they are supported by evidence.[2] *See* D. Conn. L. R. Civ. P. 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for the purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

A.  Factual Background

Plaintiff suffers from folliculitis, a chronic skin condition which is very painful and affects Plaintiff's daily activities, such as sleeping, showering, exercising, and shaving. Am. Compl., ECF No. 27 at 2. From March 12, 2018, until February 16, 2021, Plaintiff was housed at MacDougall-Walker Correctional Institution. ECF No. 70-2, ¶ 1.

Plaintiff alleges that Defendant Richard shared his private medical information with other

---

[2] District of Connecticut Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement containing separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. R. Civ. P. 56(a)3. Defendants informed Plaintiff of his obligation to respond to the motion for summary judgment and the contents of a proper response. *See* Defs.' Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(b), ECF No. 70-3. The fact that Plaintiff is unrepresented does not excuse him from complying with the Court's procedural and substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("[W]hen a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended." (citation and internal quotation marks omitted)).

inmates and correctional officers. ECF No. 27 at 6. Plaintiff submitted two documents relevant to this claim with his amended complaint: a health information privacy complaint he submitted to the Office of the Attorney General, describing that Defendant Richard improperly shared his health information on two specific dates: December 8, 2020, and January 19, 2021, *id.* at 40; and (2) an inmate request form directed to the Office of the Attorney General, complaining about Richard's alleged conduct, *id.* at 42. The latter document does not bear any indication of receipt by the Department of Correction. *Id.*

Plaintiff alleges Defendant Hollie took photos of his skin condition on her personal phone on September 16, 2020. *Id.* at 7; *see also id.* at 30. Along with his complaint, Plaintiff submitted an inmate request form in which he requested color copies of the photographs. *Id.* at 30. In the request form, Plaintiff did not complain that Hollie had taken the photographs on her phone improperly. *Id.* In connection with her motion for summary judgment, Hollie acknowledges taking the photos of Plaintiff in preparation for dermatology consultations. ECF No. 70-2, ¶ 26. Plaintiff consented to her taking the photographs on a Connecticut Department of Correction camera or other device. *Id.* ¶¶ 27–28; *see also* ECF No. 70-10 at 5–6 (signed consent forms). The device Hollie used to take the photographs was a state-issued phone used by the facility's health services unit, not a personal cellular phone owned by Hollie. *Id.* ¶¶ 29–30.

B. <u>Administrative Remedies</u>

Department of Correction Administrative Directive 8.9 sets forth the administrative remedy procedure for claims relating to medical issues. *Id.* ¶ 6. Defendants have provided a copy of the version of Directive 8.9 that was in effect during the relevant times. *Id.* ¶ 8; ECF No. 70-5 at 7–11.

There are two types of administrative remedies, or Health Service Reviews ("HSR"),

relating to medical issues: (1) the review of a diagnosis or treatment, including a decision to provide no treatment; and (2) review of a practice, procedure, administrative provision or policy, or an allegation of improper conduct by a health services provider. ECF No. 70-2, ¶ 9; ECF No. 70-5 at 8–9.

Prior to filing an HSR, the inmate must attempt to resolve the issue informally by discussing it directly with the appropriate staff member or submitting an Inmate Request Form. ECF No. 70-2, ¶ 10; ECF No. 70-5 at 9. For claims relating to improper conduct by a health services provider like the claims Plaintiff asserts here, the inmate must file an HSR and check the "All Other Health Care Issues" box after attempting informal resolution. ECF No. 70-2, ¶ 11; ECF No. 70-5 at 10.

The Health Services Administrative Remedies Coordinator at MacDougall-Walker has searched the facility's records for health services administrative remedies filed by Plaintiff, but found none relating to Plaintiff's claims that Defendant Richard improperly disclosed his health information or that Defendant Hollie improperly took photos of him on her personal phone. *Id.* ¶¶ 12–13. Likewise, staff at the two other facilities where Plaintiff was housed in 2021 and 2022 also searched those facilities' records for health services administrative remedies filed by Plaintiff, and found none that were related to the claims Plaintiff alleges against Defendants Richard and Hollie in this suit. *Id.* ¶¶ 14–19.

## II. DISCUSSION

Defendants move for summary judgment on three grounds: (1) that Plaintiff did not properly exhaust his administrative remedies before commencing this action; (2) that Plaintiff fails to state cognizable claims; and (3) that they are protected by qualified immunity. As the Court concludes that Plaintiff failed to exhaust his administrative remedies on either claim, it does not

address the two other grounds for relief.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies serves two main purposes. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, exhaustion gives an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures." *Id.* Second, exhaustion promotes efficiency because "[c]laims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Failure to exhaust administrative remedies is an affirmative defense. Thus, Defendants bear the burden of proof. *See Jones v. Bock*, 549 U.S. 119, 216 (2007); *Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined, in a proper and timely fashion. *Jones*, 549 U.S. at 217–18 (citing *Woodford*, 548 U.S. at 88); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly") (quoting *Woodford*, 548 U.S. at 90). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*,

5

655 F.3d at 96; *see also Jones*, 549 U.S. at 211. Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by . . . making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 (RJS), 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

An inmate's failure to exhaust administrative remedies is excusable only if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. *Ross* identified three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id*. at 643–44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*. Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 644. These three examples of unavailability are not exhaustive. *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the Court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

In support of their motion for summary judgment, Defendants have submitted the

declarations of the Health Services Administrative Remedy Coordinators ("HSARCs") at the three facilities in which Plaintiff was confined from the time of the incidents concerning Defendants until the date he filed this action. No HSARC was able to locate an HSR relating to the claims against Richard and Hollie Plaintiff alleges in this action.

The documents Plaintiff attached to his complaint do not demonstrate that he exhausted available administrative remedies, either. Initially, none of these documents appear to be HSRs. Additionally, relating to Richard, neither the health information privacy complaint Plaintiff submitted to the Attorney General's office nor the inmate request form he directed to the Attorney General's office suffices to exhaust the prison's internal grievance procedures. The privacy complaint appears to have been sent to an external agency, and the inmate request form bears no indication of having been submitted through the prison's procedures. Relating to Hollie, the inmate request form Plaintiff submitted with the amended complaint demonstrates only that Plaintiff requested color copies of the photographs she took, not that he alleged she had done anything improper in taking the photographs. These documents therefore would not have put the prison on notice of Plaintiff's allegations in this suit, such that it could have addressed them. *See Singh v. Lynch*, 460 F. App'x 45, 47 (2d Cir. 2012) (summary order) (noting that a prisoner "must allege facts sufficient to alert corrections officials 'to the nature of the claim,' and 'provide enough information about the conduct' at issue 'to allow prison officials to take appropriate responsive measures'") (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

Plaintiff has not opposed Defendants' motion, and therefore has not put forth any argument or evidence suggesting that he did in fact exhaust administrative remedies or that such remedies were somehow unavailable to him. Considering the record as a whole, the Court concludes there is no genuine dispute of material fact about whether Plaintiff failed to exhaust available

7

administrative remedies: he did not. Thus, Defendants' motion for summary judgment is GRANTED.

### III. CONCLUSION

Defendants' motion for summary judgment, ECF No. 70, is **GRANTED**. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 5th day of February, 2025.

                                         /s/ *Sarala V. Nagala*
                                         SARALA V. NAGALA
                                         UNITED STATES DISTRICT JUDGE